■ In the Matter of the Claim of Louis E. De Sorbo, Jr., Respondent, v. Town of Rotterdam, Appellant.—Order reversed and application denied, without costs, and without prejudice to its renewal upon proper evidence of settlement representations "made in writing" and of claimant's "justifiable reliance" upon them. (General Municipal Law, § 50-e, subd. 5.) Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur; Herlihy, J., dissents, in a memorandum. We are concerned with the interpretation of a new addition to section 50-e (subd. 5) of the General Municipal Law, as added by chapter 814 of the Laws of 1959, which reads: " (3) where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier." The section previously had been directed to forms of disability which prevented filing within the prescribed time. The majority is determining that an adult, who retains a lawyer and thereafter fails to file a notice of claim within 90 days may be excused for late filing because "justifiable reliance upon settlement representations" was made by an authorized representative of an insurance carrier. When a claimant retains an attorney, in my opinion, the claimant thereafter relies, not on the person set forth in the section, but upon his retained attorney. The purpose of the addition was for the protection of a gullible claimant beguiled into a sense of security in reliance upon authorized representations by an adjuster

of an insurance company. The history of the legislation, it seems to me, does not permit the extension of the protection of the statute to circumstances where an attorney enters the picture. The Fourth and Fifth Reports of the Joint Legislative Committee on Municipal Tort Liability (N. Y. Legis. Doc., 1958, No. 42; N. Y. Legis. Doc., 1959, No. 36) contain discussions on the addition of the insurance exception to subdivision 5 of section 50-e. The committee stated: "That to foreclose claimant's right of action where *he* has been tolled into inaction by representations of settlement is unconscionable." (Emphasis supplied.) We are not concerned with the situation where the claimant retains an attorney after the filing period has expired. Accordingly, I would vote to reverse the order and dismiss the application as a matter of law.